# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION FRANKLIN MILLER, | 1:13-cv-00324-BAM (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| WARDEN, | [ECF No. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on March 7, 2013.  The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions

1  is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  Where a petitioner is on

2  probation or parole, the proper respondent is his probation or parole officer and the official in

3  charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

4        In this case, Petitioner simply listed "Warden" as the name of the Respondent.

5  Although Petitioner is currently in the custody of the California Department of Corrections, he

6  must specifically name the individual person having day-to-day control over Petitioner.

7        Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

8  for lack of jurisdiction.  <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326,

9  1326 (9th Cir. 1970); <u>see</u>, <u>also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2d

10 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect

11 by amending the petition to name a proper respondent.  <u>See</u>, <u>West v. Louisiana</u>, 478 F.2d 1026,

12 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

13 (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of</u>

14 <u>Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).

15       Accordingly, IT IS HEREBY ORDERED THAT:

16     1.    Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by

17         AMENDING the Petition to name a proper respondent within thirty (30) days of

18         the date of service of this order.  To comply with this directive Petitioner need

19         only submit a pleading titled "Amendment to Petition" in which he amends the

20         petition to name a proper respondent.  As noted above, that individual is the

21         person having day to day custody over petitioner - usually the warden of the

22         institution where he is confined.  The Amendment should be clearly and boldly

23         captioned as such and include the case number referenced above, and be an

24         original signed under penalty of perjury.

25

26     IT IS SO ORDERED.

27     **Dated:**   **March 11, 2013**           **/s/ Barbara A. McAuliffe**
                                                       UNITED STATES MAGISTRATE JUDGE

28