**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARION FRANKLIN MILLER,<br><br>   Petitioner,<br><br>   v.<br><br>C. WOFFORD,<br><br>   Respondent. | Case No.:1:13-cv-00324-AWI-BAM (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in custody of the California Department of Corrections and Rehabilitation following serving a state court conviction. In the instant petition, Petitioner does not challenge his underlying conviction. Rather, he challenges a prison disciplinary hearing held on November 4, 2011, in which he was found guilty of possession of tobacco, for which he was assessed a thirty-day credit forfeiture.

On June 20, 2012, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court. The petition was denied in a reasoned decision on August 23, 2012.

Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which was denied on October 25, 2012.

1

1       On November 9, 2012, Petitioner filed a petition for writ of habeas corpus in the California
2 Supreme Court. The petition was denied on January 23, 2013.

3       Petitioner filed the instant federal petition for writ of habeas corpus on May 15, 2013.
4 Respondent filed an answer May 15, 2013. Petitioner filed a traverse on July 26, 2013.

5 <center>**DISCUSSION**</center>

6     I.    <u>Jurisdiction</u>

7       Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to
8 a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the
9 United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375
10 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
11 Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Avenal State Prison,
12 California. At the time of filing, Petitioner was housed at Avenal State Prison, which is located within
13 the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted
14 in the loss of time credits, such violation affects the duration of a sentence, and the violation may be
15 remedied by way of a petition for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th
16 Cir. 1990).

17     II.    <u>Standard of Review</u>

18       This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
19 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
20 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

21       The AEDPA altered the standard of review that a federal habeas court must apply with respect
22 to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 529
23 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted
24 unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an
25 unreasonable application of, clearly established Federal law, as determined by the Supreme Court of
26 the United States;" or "resulted in a decision that was based on an unreasonable determination of the
27 facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer</u>
28 <u>v. Andrade</u>, 123 S.Ct. 1166 (2003), disapproving the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>,

<center>2</center>

1  212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362.  "A federal habeas court may not issue the
2  writ simply because that court concludes in its independent judgment that the relevant state court
3  decision applied clearly established federal law erroneously or incorrectly."  Lockyer, 123 S.Ct. at
4  1175 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id. (citations
5  omitted).

6      While habeas corpus relief is an important instrument to assure that individuals are
7  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S.
8  286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to
9  challenge that conviction.  Brecht v. Abrahamson, 507 U.S. 619, 633 (1993).  In addition, the state
10 court's factual determinations must be presumed correct, and the federal court must accept all factual
11 findings made by the state court unless the petitioner can rebut "the presumption of correctness by
12 clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995);
13 Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

14      III.    Review of Petition

15  Petitioner contends he was wrongly found guilty of possession of tobacco.  The petition is
16 without merit as the state court finding that all due process requirements were met was not contrary to
17 or an unreasonable application of Supreme Court precedent.

18  In the last reasoned decision, the Kings County Superior Court found there was "some
19 evidence" to support the finding of guilt and reasoned as follows:

> Even if the Reporting Employee was mistaken as to Petitioner's presence on his bunk at the time ISU entered the dorm, the discovery of the tobacco and balloon under the mattress belonging to Petitioner provides "some evidence" sufficient to support the finding of guilt reached in connection with Rules Violation Report, Log No. FE-11-10-038.  The court notes that the Senior Hearing Officer took into consideration the inmate declarations provided by Petitioner in support of his claim that he was not on his bunk as alleged within the report, but appropriately found the same to offer no evidence of non-possession by Petitioner of the subject contraband.  The due process requirements imposed by the Federal Constitution do not authorize this court to reverse prison disciplinary actions and/or determinations simply because, in this court's opinion, there is a realistic possibility the Petitioner may not be guilty of the charged infraction.  (Citation.)

(Resp't's Answer, Ex. 2, at 1-2.)

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).)

A.   Advance Notice of Disciplinary Charges

At the disciplinary hearing, Petitioner acknowledged that he received copies of the pertinent document at least 24 hours prior to the hearing. (Resp't's Ex. 7 at 6-7.) The fact that the prison officials may not have issued a copy of the search report receipt on the day of the search does not rise to a constitutional violation. See Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1993) (due process does not require prison officials to comply with its own procedures which are more onerous than those required by the Constitution), abrogated on other grounds in Sandin v. Connor, 512 U.S. 472 (1995)). Indeed, the record is clear that Petitioner received a copy of the search report on October 27, 2011-two days following the search. (Pet. at 35.) In his traverse, Petitioner contends that he was not provided adequate notice on the day of the search which would have allowed him to present testimony by his bunk-mate (who paroled the next day on October 26, 2011) as to his personal ownership of the tobacco. Petitioner appears to conflate two of the due process rights set forth in Wolff: the 24 hour notice requirement and the right to present evidence. Petitioner combines these two protections and argues that he was not provided 24 hour protection to gather and present evidence. Such is the not the

4

1  requirement set forth in Wolff.  As just stated, Petitioner received advance 24 hour written notice of
2  the disciplinary charges, and as explained *infra* he was not denied the opportunity to present evidence
3  in support of his defense  Thus, the first of Wolff was met.

        B.        Opportunity to Present Evidence

Petitioner is not entitled to relief on his claim that he was denied his right to call witnesses under Wolff.  Although in the last reasoned decision, the superior court did not explicitly rule on the witness issue, it is presumed the court applied clearly established federal law.  See Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (stating that "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.")  Although Petitioner claims he did make such requests, he provides no evidence in support thereby failing to overcome the presumption that the state court's factual findings were correct.  28 U.S.C. § 2254(e)(1).  Petitioner presented the declaration testimony of three inmate witnesses and the investigating officer was questioned at the hearing.  The Senior Hearing Officer ("SHO") noted at the disciplinary hearing that Petitioner requested the presence of Officer L. Barker, and presented the declarations of inmates Threadgill, Manuel and Fischer.  (Resp't's Answer Ex. 7 at 6.)  Officer Barker was asked and answered several questions posed by Petitioner, and the SHO considered the inmates' declarations.  Thus, there is no showing that Petitioner's due process rights were violated by the denial of the failure to present certain witness testimony.

Regardless, even if Petitioner had a due process right to call the unidentified prison official as a witness, there is no showing that his absence had a substantial and injurious impact on the proceedings.  See Fry v. Pliler, 551 U.S. 112, 121-122 (2007) (stating that prejudice standard set forth in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) generally applies to § 2254 proceedings).  As stated by the superior court, irrespective of whether officer Barker actually identified Petitioner inside his cell at the time of the search, he was found to be in constructive possession of the tobacco and there is "some evidence" to support that finding.  Therefore, the absence of testimony by an unidentified officer who allegedly searched Petitioner outside his cell at the time of search did not have a substantial and injurious impact on the proceedings, and habeas corpus relief is not warranted

1  on this claim. In addition, Petitioner was provided a copy of the SHO's report explaining the evidence
2  relied on and the reasons for finding guilt. Thus, the second and third requirements of <u>Wolff</u> were
3  met.

   C.  <u>Some Evidence to Support Finding of Guilt</u>

5    Petitioner contends that there was not some evidence to support the finding that he was in
6  possession of tobacco.

7    Under the Supreme Court's decision in <u>Hill</u>, a prisoner's due process rights are satisfied if
8  there is some evidence to support the disciplinary finding. 472 U.S. at 455-456. The some-evidence
9  standard "does not require examination of the entire record, independent assessment of the credibility
10 of witnesses, or weighing of the evidence," rather, it requires only a modicum of evidence to support
11 the conclusion reached by the disciplinary board. <u>Id.</u>

12   The state courts' rejection of Petitioner's claim was not contrary to, or an unreasonable
13 application of, clearly established Supreme Court precedent, nor was it based on an unreasonable
14 determination of the facts in light of the record. 28 U.S.C. § 2254(d). Inmates are prohibited from
15 possessing any contraband which includes tobacco or tobacco products. Cal. Code Regs. tit. 15, §
16 3006, subd. (c)(18). Petitioner was found guilty of possessing tobacco after the officer searched his
17 cell (with the help of a K-9) and discovered a clear zip lock bag containing tobacco hidden under his
18 mattress. The officer took a photograph of the tobacco in the location where it was discovered, along
19 with Petitioner's state issued identification card next to it. (Resp't's Answer, Ex. 7 at 1.) Petitioner
20 contends that he was not present in his cell at the time of the search and it is possible that his fellow
21 cellmate placed the tobacco under his mattress. Petitioner cites to the fact that the searching officer
22 did not identify the individuals located inside the cell. While it is true that officer Barker (the officer
23 who conducted the search of Petitioner's cell) did not identify the individuals inside the cell at the time
24 of the search on October 25, 2011, Barker did state that when he entered the cell he observed an
25 inmate that resembled Petitioner in the bed where the tobacco was discovered. (Ex. 7 at 7.)

26   Furthermore, even if the officer did not actually observe Petitioner in his cell at the time the
27 tobacco was discovered, there is still "some evidence" to support the finding of guilt. The plain
28 language of section 3006(c) of Title 15 expressly states: "[i]nmates shall not possess or have under

6

their control . . . (18) "[a]ny tobacco product, or tobacco cessation product, that contains nicotine." Cal. Code Regs. tit. 15, § 3006(c)(18).  Direct evidence is not necessary to convict a prisoner of misconduct.  <u>See, e.g.</u>, <u>Hill</u>, 472 U.S. at 456-457 (upholding a finding that three inmates committed assault even though "no direct evidence identifying any one of the three inmates as the assailant" was presented).  Furthermore, due process does not require "evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Id.</u> at 457.  Nor does due process require weighing the strength of the evidence. <u>Id.</u>  In the context of a disciplinary violation, due process requires only that there be "some evidence from which the conclusion of the administrative tribunal could be decided." <u>Id.</u> at 455.  The hearing officer considered Petitioner's claim that he was not present in his cell at the time the tobacco was discovered but apparently did not believe his testimony or found it insignificant.  The SHO also considered the inmates' declarations that indicated none of them saw Petitioner in his cell at the time of the search, but there was no statement by any of them that he did not possess the tobacco-the key issue to determining guilt.  On balance, the SHO found the greater weight of the evidence supported a finding of guilt, and there is "some evidence" to support such finding.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus be DENIED; and

2. The Clerk of Court be DIRECTED to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections

///

within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2013**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE